IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALYSSA BARNES, Individually as Plaintiff and as Next Friend of COOPER BARNES, a Minor, | : | Case No.: 1:26-cv-04808-VMC |
| Plaintiffs, | : | |
| v. | : | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS d/b/a LABCORP, LABORATORY CORPORATION OF AMERICA d/b/a LABCORP | : | |
| Defendants. | : | |

**DEFENDANTS LABORATORY CORPORATION OF AMERICA HOLDINGS' AND LABORATORY CORPORATION OF AMERICA'S INITIAL DISCLOSURES**

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Laboratory Corporation of America Holdings and Laboratory Corporation of America ("Labcorp") have been properly identified, in so far as legal designations are concerned.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

None at this time. Labcorp reserves the right to supplement these disclosures pursuant to Fed. R. Civ. P. 26(e) and will do so if and when any necessary non-party is identified.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Based upon limited discovery, Plaintiff Alyssa Barnes learned that she was pregnant and began treatment at Peachtree Women's Specialists ("Peachtree") in Atlanta in September 2022. On February 10, 2023, Alyssa's OBGYN at Peachtree ordered routine blood test to evaluate, amongst other things, Alyssa's blood type. Labcorp processed the specimen and reported back on February 14, 2023 that her blood type was O positive. On September 1, 2023, Alyssa went into labor. Alyssa's blood type was re-tested and reported as O negative and she was not administered Rhogan to prevent Rh incompatibility. Cooper was born with hyperbilirubinemia and hemolytic anemia and was admitted to the NICU for a blood transfusion and light therapy treatments. He was released after twelve days with no additional follow-up or intervention needed.

Labcorp contends that it was not negligent and the alleged failure to report the correct blood type did not proximately cause the damages claimed by Plaintiffs.

Labcorp further denies the claims and damages asserted by plaintiff and puts plaintiff to its burden of proof. Labcorp further denies that it acted in bad faith and asserts there is no valid basis for Plaintiff to recover attorney's fees or punitive damages against it.

Labcorp asserts that some or all of plaintiff's alleged damages may be attributable to other parties, including plaintiff, and non-parties.

Labcorp reserves the right to assert any additional defenses supported by evidence obtained through discovery.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Labcorp identifies the following authority:

- Georgia law related to principles of negligence, contributory/comparative negligence, and proximate cause as articulated in Chapters 1, 3, and 11 of Title 51 of the Official Code of Georgia Annotated;

- Georgia law related to the reduction and apportionment of award or bar of recovery according to percentage of fault of parties and nonparties as articulated in Chapter 12 of Title 51 of the Official Code of Georgia Annotated;

- Georgia law related to damages as articulated in Chapter 10 of Title 9 and Chapter 12 of Title 51 of the Official Code of Georgia Annotated; and

- Case law related to all cited code sections, regulations, or legal Principles.

This list is not intended to be exhaustive, and Labcorp reserves the right to supplement should discovery demonstrate the applicability of additional statutes, codes, regulations, legal principles, standards and customs or usages, and/or illustrative case law.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Labcorp has not made a decision on expert testimony at this time, and, therefore, includes no Attachment B. Labcorp reserves the right to supplement these disclosures as provided by Fed. R. Civ. P. 26(e).

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C. Labcorp reserves the right to supplement these disclosures as provided by Fed. R. Civ. P. 26(e).

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not**

**privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Labcorp does not seek to collect any damages from plaintiff and, therefore, includes no Attachment D.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

None at this time. Labcorp reserves the right to supplement these disclosures pursuant to Fed. R. Civ. P. 26(e) and will do so if and when any liable non-party is identified.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Labcorp states that it is self-insured for purposes of coverage for a reasonably anticipated verdict, settlement or otherwise.

**Dated:** This 23rd day of September, 2026.

***[Signatures follow]***

**MARSH ATKINSON & BRANTLEY LLC**

*/s/ Ashley C. Webber*
Ashley C. Webber
Georgia Bar No. 083593
Alexandra V. Herbst
Georgia Bar No. 119432
271 17th Street NW, Suite 1600
Atlanta, GA 30363
T: 404-282-5050
Ashley.webber@mablawfirm.com
Alexandra.herbst@mablawfirm.com

**POTOMAC LAW GROUP**
Thomasina E. Poirot
(Pro Hac Vice application submitted)
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006
T: 717-615-3673
tpoirot@potomaclaw.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

This is to certify that this day I have electronically filed the foregoing ***Defendants Laboratory Corporation Of America Holdings' and Laboratory Corporation of America's Initial Disclosures*** with the Clerk of Court via the CM/ECF system, through which the Court will send notification to the following attorneys:

Charles Scholle, Esq.
Scott Myers, Esq.
**SCHOLLE LAW**
cscholle@schollelaw.com
smyers@schollelaw.com
*Counsel for Plaintiff*

This 23rd day of September, 2026.

**MARSH ATKINSON & BRANTLEY, LLC**

*/s/ Ashley C. Webber*
Ashley C. Webber
GA Bar No. 083593
Alexandra V. Herbst
GA Bar No. 119432
271 17th Street NW, Suite 1600
Atlanta, GA 30363
T: 404-282-5050
Ashley.webber@mablawfirm.com
Alexandra.herbst@mablawfirm.com

*Counsel for Defendants*

**ATTACHMENT A**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Labcorp identifies the following individuals who are likely to have discoverable information that it may use to support its claims and defenses as known at the present time:

(1) Depali Amin: Labcorp employee with knowledge of Plaintiff's blood testing sample drawn at Peachtree Women's Specialists.

(2) Steven Wang, MD: Labcorp employee with knowledge of blood testing procedures.

(3) Caryn L. Bray, MD: knowledge of Cooper Barnes' delivery and medication administration.

(4) Alyssa Barns: Plaintiff.

(5) Robert Barnes: Plaintiff Alyssa Barnes' husband and minor Cooper Barnes' father.

(6) Any individuals referenced by Plaintiffs in their Rule 26(a) disclosures or discovery responses.

(7) Any witness identified during discovery.

(8) Defendant reserves the right to identify expert witnesses, if and when engaged, who are expected to testify at trial.

(9) Any witnesses whose testimony is required for the admission of any evidence, where such admissibility is contested by any other party in this action.

In addition to the foregoing, Labcorp reserves the right to call any individual identified by other parties to this lawsuit.

# ATTACHMENT C

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Labcorp has the following documents and evidence in its possession, custody or control, located at its offices or the offices of its counsel that it may use to support their claims:

(1) Labcorp's records related to the blood specimen sent to Labcorp and all services Labcorp provided in relation that specimen, as alleged in Plaintiffs' Complaint;

(2) Labcorp's Specimen Collection Agreement with Peachtree Women's Specialists.

(3) Labcorp's Standard Operating Procedures relating to the analysis of blood testing.

Labcorp does not believe that there any other responsive documents but reserves the right to produce additional documents if such documents exist.